**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Paul Hill,                                                                Civil No. 16-219 (DWF/BRT)

          Plaintiff,

v.                                                                        **MEMORANDUM
                                                                           OPINION AND ORDER**

Accounts Receivable Services, LLC,

          Defendant.

---

Darren B. Schwiebert, Esq., DBS Law LLC, counsel for Plaintiff.

Jessica L. Klander, Esq., and Michael A. Klutho, Esq., Bassford Remele, PA, counsel for Defendant.

---

**INTRODUCTION**

Plaintiff Paul Hill filed this Fair Debt Collection Practices Act ("FDCPA") lawsuit against Defendant Accounts Receivable Services, LLC ("ARS") after ARS attempted to collect a debt allegedly owed by Hill in a conciliation court lawsuit. Hill alleges that ARS violated the FDCPA, 15 U.S.C. §§ 1692-1692p, by: (1) presenting a false document to Hill and the conciliation court; (2) attempting to collect interest to which ARS had no legal entitlement; and (3) including interest in ARS's claim for account stated. ARS moves for judgment on the pleadings.

## BACKGROUND

On September 2, 2015, ARS filed a lawsuit against Hill in Hennepin County Conciliation Court.  (Doc. No. 13 ("Am. Compl.") ¶ 7; Doc. No. 9 ("Ans.") ¶ 10, Ex. B ("Concil. Ct. Compl.").)  In its conciliation court complaint, ARS alleged that Hill owed a debt arising out of medical services provided by Allina Health System ("Allina"), and that Allina had sold and assigned the debt to ARS.  (Am. Compl. ¶ 9; Concil. Ct. Compl. ¶ 1.)  The conciliation court complaint stated:  "The costs for medical services rendered was $2,997.63."  (Concil. Ct. Compl. ¶ 1; *see also* Am. Compl. ¶ 10.)  It then asserted a claim based on the theory of account stated:  "[Hill is] indebted to [ARS] on an account stated, for medical service rendered, in the amount of $3,687.62.  Included in the above account stated amount is interest of $683.25 assessed to today's date at 6.00% per annum as allowed by Minnesota Statutes section 334.01."  (Concil. Ct. Compl. ¶ 1; *see also* Am. Compl. ¶ 11.)

On October 30, 2015, the conciliation court held a hearing, and Hill appeared and contested liability.  (Am. Compl. ¶¶ 13-14.)  At the hearing, ARS submitted a document entitled "Bill of Sale" to Hill and the conciliation court.  (*Id.* ¶ 19; Ans. ¶ 10, Ex. 1 ("Bill of Sale").)  The Bill of Sale states that Allina "has entered into a Purchase of Business Agreement" as of August 17, 2015, and under that Agreement, Allina "hereby" sells and assigns its rights and interest in the assets described in the Agreement "as listed in Exhibit 1A attached hereto."  (Bill of Sale; *see also* Am. Compl. ¶ 21.)  Exhibit 1A appears to be a summary of medical costs allegedly incurred by Hill, showing a principal

balance of $2,997.63. (Ans. ¶ 10, Ex. 1A.) Hill alleges that an ARS representative printed Exhibit 1A from ARS's computer system on August 24, 2015. (Am. Compl. ¶ 22.) In addition, ARS submitted a document entitled "Suit Authorization and Assignment" to Hill and the conciliation court. (*Id.* ¶ 24; Ans. ¶ 10, Ex. A.) That document states that ARS is "a division of" Allina, and it "hereby" assigns Allina's right and interest in Hill's account to ARS. (Ans. ¶ 10, Ex. A; Am. Compl. ¶¶ 25-26.)

In an Order dated October 30, 2015, the conciliation court ruled in favor of Hill. (Am. Compl. ¶ 31; Ans. ¶ 18, Ex. C ("Concil. Ct. Order").) The Order includes a checked box next to the following statement: "Plaintiff has not demonstrated an entitlement to relief and recovers zero." (Concil. Ct. Order.) It does not explain the rationale behind the conciliation court's decision. (*Id.*)

On February 1, 2016, Hill filed his Complaint in the instant lawsuit (Doc. No. 1), and on April 5, 2016, Hill filed an Amended Complaint (Doc. No. 13). Hill's Amended Complaint contains a single count, which alleges that ARS violated various provisions of the FDCPA, namely 15 U.S.C. §§ 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1). (Am. Compl. ¶¶ 40-43.) In his brief opposing ARS's motion for judgment on the pleadings, Hill characterizes his Amended Complaint as alleging that ARS violated the FDCPA in three ways: (1) ARS provided Hill with a fake Bill of Sale; (2) in the conciliation court suit, ARS attempted to collect interest to which it is not entitled; and (3) ARS's conciliation court complaint was false and misleading to the extent that it included interest in the amount ARS alleged Hill owed to it pursuant to an account stated

theory.  (Doc. No. 27 at 1.)  Hill's Amended Complaint seeks actual damages, statutory damages, costs, and fees under 15 U.S.C. § 1692k(a).  (Am. Compl. at 8 (Prayer for Relief).)

## DISCUSSION

### I.     Judgment on the Pleadings

A party may move for judgment on the pleadings at any point after the close of pleadings, so long as it moves early enough to avoid a delay of trial.  Fed. R. Civ. P. 12(c).  The Court evaluates a motion for judgment on the pleadings under the same standard as a motion brought under Federal Rule of Civil Procedure 12(b)(6).  *See Ashley Cty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

In deciding a motion to dismiss under Rule 12(b)(6), a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant.  *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).  In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged, *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).  A court deciding a motion to dismiss may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint.  *See Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II.   The FDCPA

As noted above, Hill claims that ARS violated various provisions of the FDCPA. Congress enacted the FDCPA to protect consumers by "eliminat[ing] abusive debt collection practices by debt collectors, [insuring] that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and [promoting] consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). The FDCPA specifically authorizes private individuals to enforce its provisions against debt collectors engaged in abusive debt collection practices. *Id.* § 1692k.

To begin, Hill alleges that ARS violated three subsections of § 1692e. Section 1692e provides that debt collectors "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.*

§ 1692e.  Its subsections provide sixteen types of conduct that specifically violate § 1692e.  *Id.* § 1692e(1)-(16).  Hill claims that ARS falsely represented "the character, amount, or legal status of [a] debt," *id.* § 1692e(2)(A); threatened "to take [an] action that cannot legally be taken," *id.* § 1692e(5); and used "[a] false representation or deceptive means to collect or attempt to collect [a] debt," *id.* § 1692e(10).

In addition, Hill alleges that that ARS violated § 1692f and one of its subsections.  Section 1692f prohibits debt collectors from "us[ing] unfair or unconscionable means to collect or attempt to collect any debt."  *Id.* § 1692f.  Its subsections provide eight types of conduct that specifically violate § 1692f.  *Id.* § 1692f(1)-(8).  Hill claims that ARS violated § 1692f(1), which forbids "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."  *Id.* § 1692f(1).

**III.   Standing**

Before examining ARS's alleged violations of the FDCPA, the Court considers whether Hill has standing to bring this lawsuit under Article III of the Constitution.  ARS first raised the question of standing in its reply brief.  (Doc. No. 28.)  While courts typically do not consider new arguments raised in reply briefs, standing is a jurisdictional requirement, and "any party or the court may, at any time, raise the issue of subject matter jurisdiction."  *Gray v. City of Valley Park*, 567 F.3d 976, 982-83 (8th Cir. 2009) (brackets and quotation marks omitted).  To establish Article III standing, a plaintiff has

6

the burden of proving: (1) that he suffered an "injury in fact"; (2) that a "causal connection" links the injury to the challenged conduct; and (3) that a favorable decision will "likely" redress the injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). At the pleading stage, a plaintiff must "clearly . . . allege facts demonstrating" each element. *Warth v. Seldin*, 422 U.S. 490, 518 (1975).

Recently, in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016), the Supreme Court clarified that alleging a violation of a statutory right may, in some cases, be insufficient to establish the injury-in-fact element of the standing test.[1] In *Spokeo*, the Supreme Court began by reaffirming that the injury-in-fact element requires a plaintiff to allege an injury that is "concrete" as well as particular to that plaintiff. *Spokeo*, 136 S. Ct. at 1548. It then explained that a "concrete" injury "must actually exist," although it may be intangible. *Id.* at 1548-49. While "Congress may elevate to the status of legally cognizable injuries concrete, *de facto* injuries that were previously inadequate in law," a plaintiff does not "automatically" satisfy the injury-in-fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549 (quoting *Lujan*, 504 U.S. at 578 (quotations

---

[1] In *Spokeo*, the plaintiff alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, a consumer protection statute that "seeks to ensure 'fair and accurate credit reporting.'" *Spokeo*, 136 S. Ct. at 1545 (quoting 15 U.S.C. § 1681(a)(1)). While *Spokeo* clarified the elements of constitutional standing, the Supreme Court declined to decide whether the plaintiff sufficiently alleged an injury in fact. *Id.* at 1550. Instead, the Supreme Court vacated the judgment of the Ninth Circuit and remanded the case. *Id.*

marks and brackets omitted)).  As such, "a bare procedural violation, divorced from any concrete harm," does not satisfy the injury-in-fact requirement of Article III.  *Id.*  Still, a "risk of real harm" can meet the concreteness requirement, and in some cases, a plaintiff "need not allege any *additional* harm beyond the one Congress has identified" in the statute that the defendant allegedly violated.  *Id.*

The Eighth Circuit interpreted and applied *Spokeo* in *Braitberg v. Charter Commc'ns, Inc.*, --- F.3d ----, No. 14-1737, 2016 WL 4698283, at *4 (8th Cir. Sept. 8, 2016), which held that a plaintiff lacks Article III standing when he alleges neither a real harm nor a material risk of harm stemming from an alleged statutory violation.  In that case, the plaintiff customer claimed that the defendant cable provider unnecessarily retained his personal information in violation of the Cable Communications Policy Act, 47 U.S.C. § 551.  *Braitberg*, 2016 WL 4698283, at *1.  The plaintiff, however, did not allege that the defendant disclosed or otherwise used his personal information or that any other party accessed the information.  *Id.* at *4.  For that reason, the court found that the plaintiff lacked Article III standing.  *Id.*  It concluded that the plaintiff "identifie[d] no material risk of harm from the retention [of his personal information, and] a speculative or hypothetical risk is insufficient" to satisfy the test for constitutional standing after *Spokeo*.  *Id.*

Still, when the Eleventh Circuit applied *Spokeo* in *Church v. Accretive Health, Inc.*, --- F. App'x ----, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016), it concluded that a plaintiff consumer had standing to assert claims under the FDCPA.  The

plaintiff in *Church* alleged that the defendant debt collector failed to include, in a letter sent to the plaintiff, certain disclosures required by §§ 1692e(11) and 1692g(a) of the FDCPA. *Church*, 2016 WL 3611543, at *1, 3. The court held that the plaintiff's alleged injury satisfied Article III's concreteness requirement:

> The invasion of [the plaintiff's] right to receive the disclosures is not hypothetical or uncertain; [the plaintiff] did not receive information to which she alleges she was entitled. While this injury may not have resulted in tangible economic or physical harm that courts often expect, the Supreme Court has made clear an injury need not be tangible to be concrete. . . . Rather, this injury is one that Congress has elevated to the status of a legally cognizable injury through the FDCPA.

*Id.* at *3 (citing *Spokeo*, 136 S. Ct. at 1549 and *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982)). In short, the Eleventh Circuit found that Congress, through the FDCPA, provided the plaintiff with a substantive right to information and that violation of the right constituted a concrete injury.

In reaching this conclusion, the Eleventh Circuit relied on the Supreme Court's decision in *Havens Realty Corp. v. Coleman*, which recognized a congressionally-created right to information similar to the right recognized in *Church*. In *Havens*, the plaintiffs alleged that the defendant apartment complex violated the Fair Housing Act, 42 U.S.C. § 3604(d), by engaging in racial steering practices. *Havens*, 455 U.S. at 366-69. The defendant challenged, among other things, the standing of an African American "tester" plaintiff to whom the defendant allegedly provided false information about housing availability. *Id.* at 368, 373-74. Although the tester had no intention of buying or renting

9

a home, the Supreme Court found that she had standing based on the alleged violation of a right created by the Fair Housing Act:

> [The Fair Housing Act] establishes an enforceable right to truthful information concerning the availability of housing . . . . A tester who has been the object of a misrepresentation made unlawful under [the Fair Housing Act] has suffered injury in precisely the form the statute was intended to guard against, and therefore has standing to maintain a claim for damages under the Act's provisions.

*Id.* at 373-74. Thus, while the defendant's conduct did not deprive the tester of housing, it deprived the tester of information to which the statute entitled her, and therefore, the tester had standing under Article III.

In light of *Spokeo*, *Braitberg*, *Church*, and *Havens*, the Court concludes that Hill has satisfied the injury-in-fact element of standing. As recognized in *Church*, the FDCPA creates rights, violations of which may, in some circumstances, cause legally cognizable injury. Just as the *Church* court found that §§ 1692e and 1692g establish a right to disclosure of information, the Court finds that § 1692e establishes a right to truthful information regarding the collection of a debt and § 1692f establishes a right to be free from the collection of unauthorized interest. *See Church*, 2016 WL 3611543, at *3. Hill alleges that ARS violated his right to truthful information by providing him with a fake document and by including a misleading claim in ARS's conciliation court complaint. Further, he alleges that ARS violated his right to be free from collection of unauthorized interest by attempting to collect unlawful interest from Hill in the

conciliation court proceeding. As alleged, these are real harms and not merely procedural violations. *See Spokeo*, 136 S. Ct. at 1549; *Braitberg*, 2016 WL 4698283, at *4.

Indeed, the Court finds that Hill satisfies the concreteness requirement even though he successfully defended ARS's claims in conciliation court. In *Church*, the plaintiff did not allege that she suffered any actual damages, yet the Eleventh Circuit found Article III standing. *Church*, 2016 WL 3611543, at *1, 3. Similarly, in *Havens*, the tester plaintiff suffered no economic damages and lost no actual housing opportunity. *Havens*, 455 U.S. at 373-74. Still, the Supreme Court determined that the tester plaintiff had standing because she alleged that the defendant violated her legal right to truthful housing information. *Id.* Here, given the particular circumstances of this case, the Court finds that ARS's alleged violations of Hill's rights to truthful information and freedom from efforts to collect unauthorized debt constitute an injury in fact. Thus, Hill has standing under Article III.

### IV. Hill's Claims Against ARS Under §§ 1692e and 1692f

Having determined that Hill has standing to bring this lawsuit, the Court turns to Hill's claims that ARS violated the FDCPA by providing Hill with a false document, attempting to collect unauthorized interest from Hill, and asserting a misleading claim for account stated. As noted above, Hill alleges that this conduct violated §§ 1692e(2), 1692e(5), 1692(10), 1692f, and 1692f(1) of the FDCPA.

To state a claim under §§ 1692e or 1692f, a plaintiff must allege that a defendant's allegedly misleading conduct actually deceived the plaintiff or someone else. *Janson v.*

11

*Katharyn B. Davis, LLC*¸ 806 F.3d 435, 437 (8th Cir. 2015); *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 819 (8th Cir. 2012); *Demarais v. Gurstel Chargo, P.A.*, Civ. No. 16-293, 2016 WL 3676166, at *2 (D. Minn. July 6, 2016).  In *Janson*, the Eighth Circuit found that the district court properly granted the defendant's motion to dismiss where the plaintiff failed to "plausibly allege[] that he or anyone else was misled" by the allegedly deceptive affidavit that the defendant filed in an underlying state court collection action.  *Janson*, 806 F.3d at 437.  Similarly, in *Hemmingsen*, the Eighth Circuit affirmed summary judgment in favor of the defendant where no evidence showed that the defendant's allegedly misleading memorandum and affidavit—filed in an underlying state court collection action—actually deceived the plaintiff, her attorneys, or the state court judge.  *Hemmingsen*, 674 F.3d at 819-20.  In that case, the Eighth Circuit specifically noted that the state court judge granted summary judgment in the plaintiff's favor and as such, "obviously was not misled or even persuaded by" the defendant's submissions.  *Id.*

In light of *Janson* and *Hemmingsen*, none of Hill's claims survive ARS's motion for judgment on the pleadings.  Like the plaintiffs in those cases, Hill alleges that ARS violated the FDCPA through ARS's allegedly misleading conduct in an underlying state court collection action.  Moreover, like those plaintiffs, Hill does not claim that ARS's allegedly misleading conduct actually deceived him or the conciliation court.  Rather, Hill alleges that he appeared at the conciliation court hearing and "argued that ARS did not have documentation establishing that any account of Mr. Hill's had been assigned by

12

Allina Health to ARS." (Am. Compl. ¶¶ 14-15.) The conciliation court "awarded judgment in favor of Mr. Hill and dismissed ARS's lawsuit on the merits and with prejudice." (*Id.* ¶ 31.) In these circumstances—where neither Hill nor the conciliation court was misled, and Hill won the underlying state court suit—Hill fails to plausibly allege a claim under §§ 1692e, 1692f, and their subsections. Accordingly, the Court grants ARS's motion for judgment on the pleadings.

## V. Alternative Bases for Dismissal of Hill's Claims

While Hill's failure to allege that ARS's conduct actually misled anyone is a sufficient basis for granting ARS's motion in its entirety, the Court briefly addresses three alternative reasons for dismissing Hill's claims.

### A. Section 1692e's Materiality Requirement

First, Hill fails to state a claim under § 1692e and its subsections because the misrepresentations that Hill alleges are not material. Multiple judges in this District have held that § 1692e requires a plaintiff to allege that a defendant made a representation that was not only false but also material. *Erickson v. Performant Recovery, Inc.*, Civ. No. 12-2818, 2013 WL 3223367, at *4 (D. Minn. June 25, 2013) (granting defendant's motion for judgment on the pleadings as to plaintiff's claim under § 1692e); *Caulfield v. Am. Account & Advisors, Inc.*, Civ. No. 12-2761, 2013 WL 1953314, at *2 (D. Minn. May 10, 2013) (granting defendant's motion for judgment on the pleadings as to plaintiff's claim under § 1692e(10)); *Gnoinska v. Messerli & Kramer, P.A.*, Civ. No. 12-947, 2012 WL 5382180, at *3 (D. Minn. Nov. 1, 2012) (granting defendant's motion to

dismiss as to plaintiff's claim under § 1692e). A misrepresentation is material if it "undermined [the plaintiff's] ability to intelligently choose her action regarding the debt." *Caulfield*, 2013 WL 1953314, at *2.

Hill's allegations do not satisfy this materiality requirement. Even if ARS submitted a false document, attempted to collect unauthorized interest, and asserted a misleading claim for account stated, Hill does not plausibly allege that these actions "undermined [his] ability to intelligently choose [his] action regarding [his] debt." *See Caulfield*, 2013 WL 1953314, at *2. To the contrary, Hill alleges that he chose to defend the conciliation court suit and succeeded in that defense. For this additional reason, Hill's claims under § 1692e and its subsections must be dismissed.

**B.     Section 1692f's Backstop Function**

Second, to the extent Hill's claims under § 1692f are premised on the same conduct that Hill alleges violates § 1692e and its subsections, such claims must fail. As the Eighth Circuit has recognized, "Congress enacted [§] 1692f to catch conduct not otherwise covered by the FDCPA." *Baker v. Allstate Fin. Servs., Inc.*, 554 F. Supp. 2d 945, 953 (D. Minn. 2008). As such, § 1692f is inapplicable to claims based on conduct that other specific FDCPA provisions address. *Id.*; *see also Caulfield*, 2013 WL 1953314, at *3.

Here, Hill's claims are premised on three actions by ARS, two of which involve alleged misrepresentation. (Doc. No. 27 at 1.) Specifically, Hill alleges that ARS violated the FDCPA by providing a false document and by asserting a misleading claim

for account stated.  (*Id.*)  Section 1692e specifically prohibits "use [of] any false, deceptive, or misleading representation or means" to collect a debt.  15 U.S.C. § 1692e.  As such, § 1692f does not apply to claims based on ARS's alleged misrepresentations.  *See Baker*, 554 F. Supp. 2d at 953.  Thus, to the extent Hill's claims under § 1692f are premised on misrepresentation, such claims must be dismissed.

        **C.**     **Hill's Interest Claim Under § 1692f(1)**

Third, Hill's claim based on ARS's alleged attempt to collect unauthorized interest in violation of § 1692f(1) must be dismissed.  According to Hill, ARS attempted to collect interest from Hill in the conciliation court proceeding, pursuant to Minn. Stat. § 549.09.  (Doc. No. 27 at 3, 24-27.)  Although ARS's conciliation court complaint asserted that Hill owed interest under Minn. Stat. § 334.01 (*not* Minn. Stat. § 549.09), Hill argues that Minn. Stat. § 549.09 is the applicable statute.  (*Id.* at 24.)  Minn. Stat. § 549.09 authorizes preverdict interest in certain circumstances but does not allow it on judgments less than $4,000.  Minn. Stat. § 549.09, subd. 1(b)(4) (referencing Minn. Stat. § 491A.01 (authorizing conciliation court to hear claims involving a consumer credit transaction if the amount in dispute does not exceed $4,000)).  Because ARS sought less than $4,000 in the conciliation court proceeding, Hill claims that ARS was not entitled to interest under Minn. Stat. § 549.09, and therefore ARS violated § 1692f(1), which prohibits collection of interest not "permitted by law."  (Doc. No. 27 at 24-25.)

The Court disagrees.  The conciliation court complaint filed by ARS expressly states that ARS sought interest under Minn. Stat. § 334.01; there is no mention of Minn.

Stat. § 549.09.[2]  (Concil. Ct. Compl. ¶ 1.)  The entire premise of Hill's claim under § 1692f(1) is that ARS sought interest under Minn. Stat. § 549.09—which is incorrect—so Hill's claim fails.

## CONCLUSION

Under Article III of the Constitution, Hill has standing to assert his claims under §§ 1692e and 1692f of the FDCPA.  Hill alleges that ARS violated his right to truthful information and his right to be free from collection of unauthorized interest.  These are real harms—not merely procedural violations—and therefore satisfy the concreteness requirement of the injury-in-fact element of standing.  At the same time, however, Hill fails to plausibly allege that ARS violated §§ 1692e(2), 1692e(5), 1692(10), 1692f, and 1692f(1) of the FDCPA.  Significantly, Hill does not allege that any conduct by ARS actually deceived him or the conciliation court.  Accordingly, dismissal of these claims is appropriate.

---

[2]  *Egge v. Healthspan Servs. Co.*, Civ. No. 00-934, 2002 WL 31426190, at *3-6 (D. Minn. Oct. 28, 2002) provides support for ARS's claim that it is entitled to interest under Minn. Stat. § 334.01.  In that case, the plaintiff claimed that the defendant violated the FDCPA by charging interest on the plaintiff's account with no legal right to do so.  *Egge*, 2002 WL 31426190, at *4.  The court disagreed, holding that Minn. Stat. § 334.01 "authorized [the defendant] to impose a six percent rate of interest on [the plaintiff's] liquidated debt."  *Id.* at *6.  *See generally Hogenson v. Hogenson*, 852 N.W.2d 266, 272-74 (Minn. Ct. App. 2014) (discussing Minn. Stat. §§ 334.01 and 549.09 and recognizing inconsistent caselaw).

**ORDER**

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Accounts Receivable Services, LLC's Motion for Judgment on the Pleadings (Doc. No. [23]) is **GRANTED**.

2. Plaintiff Paul Hill's Amended Complaint (Doc. No. [13]) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 31, 2016            <u>s/Donovan W. Frank</u>
                                   DONOVAN W. FRANK
                                   United States District Judge